FILED
IN CLERK'S OFFICE
U.S. D... E.D.N.Y.
APR 2 ... 2005
P.M. ___
TIME A.M. ___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MARCOS ADORNO,

        Petitioner,

   -against-

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------X

98 CV 3366 (SJ)
MEMORANDUM
AND ORDER

A P P E A R A N C E S:

MARCOS ADORNO
#51015-033
Fort Dix West
P.O. Box 7000
Fort Dix, NJ 08640
Petitioner, *Pro Se*

UNITED STATES ATTORNEYS OFFICE
Eastern District of New York
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201
Attorney for Respondent

JOHNSON, Senior District Judge:

    Presently before the Court is a motion by Petitioner Marcos Adorno ("Petitioner") to vacate, set aside, or correct his sentence imposed under docket number 95 CR 1057, pursuant to 28 U.S.C. § 2255. Petitioner argues he was denied effective assistance of counsel on the following grounds: (1) retained counsel, Mr. Carlos Perez-Olivo ("retained counsel") did not negotiate a plea with the government as Petitioner

1

requested; (2) retained counsel mislead Petitioner regarding the sentence he would receive upon pleading guilty; (3) retained counsel failed to appear in court for scheduled sentencing hearings; (4) retained counsel and subsequently appointed counsel, Mr. David Liebman ("appointed counsel") failed to review the pre-sentence report ("PSR") in a timely fashion; (5) appointed counsel did not permit Petitioner to make material changes to the PSR; (6) appointed counsel was not familiar with his case while representing Petitioner at sentencing; and (7) appointed counsel failed to file an appeal.

## BACKGROUND

Petitioner was charged in a three count indictment with conspiracy to distribute heroin, possession with intent to distribute heroin, and attempt to possess with intent to distribute heroin. Petitioner admits that he owed $12,000 in gambling debts to an individual named How Won Kow and in order to repay the debt he agreed to deliver drugs for Kow. (Pet. Second Supp. Mot. ¶ 6.) Petitioner subsequently contacted an individual he knew of through Kow and attempted to arrange to purchase 700 grams of heroin from him. (Id. ¶ 10.) This individual turned out to be an undercover officer, and Petitioner was arrested before making any purchase. (Id.) Petitioner admitted to making six other drug deliveries for Kow, and to being paid $6,000 for these deliveries. (Id. ¶ 11.)

On October 1, 1996, one day after the trial began, Petitioner pled guilty, without a plea agreement, to Count One of the indictment. Petitioner's retained attorney subsequently failed to appear at a number of sentencing hearings. Consequently the

2

P-049

Court appointed David Liebman to represent Petitioner, pursuant to 28 U.S.C. § 3006A.

The sentencing guidelines set a range of 121 to 151 months incarceration, with a two-level reduction for acceptance of responsibility. Petitioner was sentenced on July 3, 1997 to a term of 135 months incarceration and five years supervised release. Petitioner did not file an appeal of his conviction or sentence with the Second Circuit.

## DISCUSSION

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court established two requirements to establish ineffective assistance of counsel. First, "the defendant must prove that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." <u>Id.</u> at 688. When evaluating reasonableness, the court should reconstruct the circumstances from counsel's perspective at the time rather than from hindsight. <u>Id.</u> at 689. As a result of difficulties in making this evaluation, there is a presumption that the challenged conduct may have been considered reasonable strategy. <u>Id.</u> at 689.

Second, the defendant must prove prejudice by showing "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. The Petitioner must satisfy both of the <u>Strickland</u> requirements for each claim of ineffective assistance of counsel.

I.  *Retained Counsel's Alleged Failure to Pursue Plea Negotiations*

Petitioner states that from the beginning of the case, he informed retained counsel that he wished to reach a plea agreement with the government. (Pet. Aff. ¶ 3.) At first,

3

retained counsel reportedly stated that they should wait until an indictment was issued. (Id.) After the indictment was issued retained counsel apparently informed Petitioner that the Government would not accept a plea agreement. (Id.) Finally, retained counsel informed Petitioner before trial that the government was offering an 18 year sentence and that Petitioner should go to trial since the maximum he could be sentenced to at trial was 20 years. (Id. ¶¶ 3–4.) During the first day of trial, retained counsel reported to Petitioner that he would, in fact, be able to negotiate a plea, and Petitioner decided to discontinue the trial and enter plea negotiations.

Petitioner asserts that retained counsel misled Petitioner regarding the status of plea negotiations and in fact did not attempt to negotiate a plea, in order to collect higher fees from Petitioner by taking the case to trial. (Id. ¶ 10.) Petitioner implies that the time when retained counsel decided that Petitioner should plead guilty coincided with the time when Petitioner ran out of money to pay retained counsel to continue representing him. (Pet. Second Supp. Mot. ¶ 37.)

The Court finds that since Petitioner was ultimately able to obtain a plea agreement, and there is no evidence that the agreement was any less favorable to Petitioner than one that might have been offered earlier on in the proceedings — in fact, Petitioner still received a sentencing reduction for acceptance of responsibility based on his decision to plead rather than continue the trial — there is no basis to conclude that Petitioner was in any way prejudiced by counsel's failure to obtain a plea bargain earlier in the proceedings. Petitioner therefore has not satisfied the second requirement of

4

Strickland, 466 U.S. at 694, and so this claim must be dismissed.

*II.   Retained Counsel's Alleged Misstatements Regarding Petitioner's Potential Sentence*

Prior to trial, retained counsel allegedly informed Petitioner that the government's only plea offer was an 18 year sentence and that Petitioner should go to trial since the maximum he could be sentenced to at trial was 20 years. (Pet. Aff. ¶ 4.) During the first day of trial, retained counsel told Petitioner that he could negotiate a plea of 87 months (7.25 years), and then spoke with the Assistant United States Attorney assigned to the case. (Id. ¶ 7.) Retained counsel apparently then told Petitioner "not to worry [about] the amount of time" he would be sentenced to and that he would be told the sentence when he pleaded guilty. (Id. ¶ 8.) Retained counsel also allegedly told Petitioner, however, that he would be given a two-point reduction for acceptance of responsibility and a two-point reduction for minor participation, and that he would be sentenced under a level one criminal history and would be granted a two-point "safety valve" reduction. (Id.)

Petitioner chose to plead guilty. At sentencing, Petitioner was sentenced under a level two criminal history, did not receive the minor participation reduction, and did not qualify for the safety valve due to his criminal history. (Id. ¶ 9.) Petitioner did receive the two-point reduction for acceptance of responsibility. (Id.) As noted above, Petitioner was sentenced to 135 months, rather than 87 months.

To prove ineffective assistance with respect to entry of a guilty plea, a petitioner

5

must demonstrate that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 58–59 (1985). In other words, Petitioner must demonstrate that the reason that he decided to enter a guilty plea was that he believed he would receive a sentence of 87 months, and would not have chosen to proceed to trial if he had known that he would receive a sentence of 135 months.

The Court finds that any assertion that Petitioner's guilty plea was induced by counsel's representation that he would receive an 87 month sentence is belied by the fact that at the plea hearing, Petitioner was informed that the sentencing guidelines would set a sentence of 121 to 151 months, yet Petitioner did not express any objection to this sentence length, and subsequently pleaded guilty to the charged offense. (Plea Hrg. Transcript, Oct. 1, 1996 at 4, 8.) At the sentencing hearing, there was discussion of the fact that Petitioner would be sentenced to at least 135 months, and Petitioner chose not to make any comment or to withdraw his plea, despite the fact that he still could have chosen not to plead guilty at this point.[1] (Sentencing Hrg. Transcript, July 3, 1997 at 3.) Therefore, Petitioner has not established that he was prejudiced by counsel's alleged miscalculation or misrepresentation of the sentence he would receive upon pleading

---

[1.] Under the Federal Rules of Civil Procedure, a defendant may withdraw a guilty plea:
    (1) before the court accepts the plea, for any reason or no reason; or
    (2) after the court accepts the plea, but before it imposes sentence if:
        (A) the court rejects a plea agreement under Rule 11(c)(5); or
        (B) the defendant can show a fair and just reason for requesting the withdrawal.
Federal Rules of Criminal Procedure, Rule 11(d).

6

P-049

guilty, as required by to establish ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. at 694.

### III. Retained Counsel's Failure to Appear in Court for Scheduled Sentencing Hearings

It appears that retained counsel failed to appear at scheduled hearings following Petitioner's decision to terminate the trial and plead guilty. However, because the court appointed counsel to replace retained counsel, the Court finds that Petitioner cannot establish the second prong of <u>Strickland</u>, which requires him to show that counsel's ineffective performance prejudiced him by affecting the outcome of the proceedings. <u>Strickland</u>, 466 U.S. at 694. As discussed below, the Court does not find that appointed counsel provided ineffective assistance of counsel, and therefore there is no basis to conclude that retained counsel's disappearance negatively affected the outcome of the case. This claim must therefore be dismissed.

### IV. Retained Counsel's and Appointed Counsel's Failure to Timely Review the PSR With Petitioner

Petitioner alleges that his retained and appointed attorneys failed to show him his PSR until a year after it was completed. (Pet. Supp. Mot. at 5.) There is no evidence in the record that a PSR was actually in existence a year before Petitioner's sentencing hearing.[2] At the time of the sentencing hearing, Petitioner had reviewed the PSR.

---

[2] It appears that a report was prepared by Pre-trial Services in connection with Petitioner's bail hearing (Detention Hrg. Transcript, Oct. 19, 1995 at 3), but this report is distinct from the PSR prepared for sentencing, and was not the basis of the Court's sentencing decisions.

7

P-049

(Sentencing Hrg. Transcript, July 3, 1997 at 2.)

Moreover, the Court finds that even if the PSR were extant for some time before sentencing, Petitioner's claims concerning the review of his PSR do not meet the prejudice requirement under the second prong of the Strickland test. A defendant must be given an opportunity to review and challenge facts contained in a report, and a sentence may not be imposed based on a material misapprehension of fact. Torres v. United States, 140 F.3d 392, 404 (2d Cir. 1998) (citing Townsend v. Burke, 334 U.S. 736, 741 (1948)). However, under Federal Rule of Civil Procedure 32(g), the probation officer responsible for preparing the PSR is only required to submit the report to the court and the other parties seven days prior to the trial.[3] Therefore, seven days to review the PSR is evidently considered a sufficient amount of time to permit a defendant to effectuate his rights with respect to the PSR; a year is not considered necessary or useful. In the instant case, Petitioner did receive an opportunity to review the report and challenge its contents prior to sentencing, and there has been no showing that the asserted delay caused Petitioner any disadvantage. This claim must therefore be dismissed.

V. *Appointed Counsel's Failure to Permit Petitioner to Make Material Changes to the PSR*

---

[3] "At least 7 days before sentencing, the probation officer must submit to the court and to the parties the presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them." Federal Rule of Criminal Procedure 32(g).

8

P-049

Petitioner alleges that appointed counsel should have argued that the PSR was inaccurate in that it did not describe Petitioner has having had a minor role in the offense, and that counsel was ineffective in failing to attempt to obtain a minor role reduction for Petitioner. Petitioner's central claim regarding the reduction is that the reduction was merited because during his pre-trial bail detention hearing, the presiding Judge determined that the Government's request for a permanent order of detention should be denied on the basis that Petitioner had only a minor role in the offense. (Detention Hrg. Transcript, Oct. 19, 1995 at 3.) In making this determination, the presiding Judge noted that the Government may have had information indicating a greater level of culpability which it was not choosing to present at that time. (Id. at 4.)[4]

Pre-trial detention determinations differ substantially from sentencing determinations, in a number of respects. First, as noted by the Judge presiding over the detention hearing, the Government may choose at that time, so early on in the case, not to present all the evidence it has against a defendant. This is particularly true where — as in this case — the offense involved other individuals who could potentially be arrested and prosecuted. At the time of sentencing, however, discovery has been

---

[4.] The Court: "[The defendant] doesn't have a lot of access to drugs if he's trying to buy them from undercover officers he doesn't know very well."
Ms. Moore: ". . . the information we have is that he has dealt in narcotics and has been doing deals, and did deals with that other defendant prior to the August 25th date as well as the most recent date."
The Court: "I understand I may be putting you in a difficult position, but if you want me to consider information of that type, you have to present it in a more substantial way than you just did. Now, *it may be that you choose not to* and to have me rely on the facts before me, but that ball is in your court . . ."
(Detention Hrg. Transcript, Oct. 19, 1995 at 4) (emphasis added).

9

P-049

completed, investigations have taken place, and substantially more evidence may have been produced than the limited amount available at the time of the bail hearing.

At sentencing, a minor role reduction "is warranted only if the defendant is 'substantially less culpable than the average participant.'" United States v. Jeffers, 329 F.3d 94, 103 (2d Cir. 2003) (quoting U.S.S.G. § 3B1.2). A determination regarding "minor role" reductions under the Sentencing Guidelines is intended to be "highly fact-specific" and to be based on "factors such as 'the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.'" U.S. v. Ravelo, 370 F.3d 266, 269-270 (2d Cir. 2004) (quoting United States v. Shonubi, 998 F.2d 84, 90 (2d Cir. 1993)). At the time of the sentencing hearing, Petitioner had already admitted to having made multiple drug sales, for which he earned a profit of $6000, and to having initiated an attempted sale of 700 grams of heroin. (Pet. Second Supp. Mot. in Further Supp. of § 2255 Motion ¶ 6–10.) Petitioner also admitted to having purchased quantities of drugs valuing as much as $31,000. (Plea Hrg. Transcript, Oct. 1, 1996 at 7.) This is certainly not the type of "minor role" that would lead the Court to conclude that Petitioner should be eligible for a sentencing reduction.[5]

---

[5] Contrary to Petitioner's assertions, the fact that Petitioner was unexpectedly thwarted by an undercover law enforcement officer does not reduce Petitioner's individual culpability, since it is apparent that Petitioner was at least attempting to initiate and control drug transactions involving substantial quantities of drugs and money. Petitioner has admitted as such, stating that on the occasion that he was arrested he had "attempted to set up a transaction on his own." (Second Supp. Mot. at 16.) Additionally, the fact that

10

Additionally, at a detention hearing the burden is on the Government to prove that a defendant should be detained, while at sentencing the burden is on a defendant to demonstrate that he should be granted a sentencing reduction. Compare U.S. v. Drake, 2005 WL 602381, *2 (W.D.N.Y. 2005) (noting that the burden is on the Government in a bail hearing) with Ravelo, 370 F.3d at 269–270 (noting that the burden is on a defendant in a sentencing hearing). In other words, the fact that the Government failed to meet their burden during the detention hearing does not relieve Petitioner of the obligation to meet his own burden at sentencing.

Petitioner also contends that the baseline sentencing level in the PSR was set too high because Petitioner was held accountable for the quantity of drugs sold by Kow instead of being "held responsible only for his individual conduct"; Petitioner argues that his sentence should have been based only on the 700 grams of heroin that he attempted to purchase. (Pet. Second Supp. Mot. ¶ 44.) However, Petitioner pleaded guilty to a conspiracy count, and has admitted his involvement in a larger conspiracy. (Plea Hrg. Transcript, Oct. 1, 1996 at 7.) Because one of the central principles of conspiracy law is that "a defendant is liable for the acts of a co-conspirator in furtherance of the conspiracy," U.S. v. Naranjo, 14 F.3d 145, 147 (2d Cir. 1994), the Court could properly take into account the quantity of drugs involved in Petitioner's co-conspirators'

---

Petitioner planned to use the money he earned to repay gambling debts does not mean that Petitioner "did not . . . profit" from the transactions, since Petitioner expected to earn money from his involvement, and how he planned to spend the money is irrelevant.

11

transactions.

## VI. Appointed Counsel's Alleged Unfamiliarity With Petitioner's Case During Sentencing

Petitioner has not identified any specific short-comings in appointed counsel's performance at sentencing apart from his failure to argue for a minor role reduction and to raise issues of Petitioner's knowledge of the amount of drugs involved. As discussed above, this Court does not find that these reductions would have been merited based on the evidence before the Court, and therefore Petitioner has not demonstrated that counsel's performance was unreasonably deficient, as required by the first prong of Strickland. 466 U.S. at 688.

Moreover, appointed counsel did assert a number of arguments for leniency at the sentencing hearing and succeeded in obtaining a reduction for acceptance of responsibility even though Petitioner's trial was already underway. (Sentencing Hrg. Transcript, July 3, 1997 at 2-3.) As a result, Petitioner was sentenced at the very bottom of the applicable guideline range. The Court finds that appointed counsel's performance was not deficient, and that this claim must therefore be dismissed.

## VII. Appointed Counsel's Failure to File an Appeal

Petitioner alleges that appointed counsel was ineffective because he did not file an appeal on Petitioner's behalf. (Pet. at 5.) Appointed counsel states that he explained to Petitioner that if he wished to appeal he had to file notice within ten days and that in his opinion there were no meritorious claims, but that he would file an appeal for him if

12

he wanted. (Liebman Aff. ¶ 6).

An attorney has a duty to consult with his client about an appeal if a rational defendant would want to appeal or that particular defendant reasonably demonstrated to counsel an interest in appealing. Roe v.Flores-Ortega, 528 U.S. 470, 480 (2000). After consulting with the client, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. at 478. To consult means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478.

The Court finds that appointed counsel was not ineffective because he consulted with Petitioner, advising Petitioner of his rights regarding appeal, and Petitioner did not expressly request that he file an appeal. Petitioner has not alleged that he asked appointed counsel to file an appeal; rather, he contends that appointed counsel should have either filed the appeal or filed a notice that there was no non-frivolous basis for appeal, without Petitioner telling him to take either of these steps. (Pet.'s Traverse to Resp.'s Answer at 3.) However, the law does not require counsel to file an appeal even without a client's request, and therefore this Court finds that appointed counsel's representation was not unreasonably deficient, as required by Strickland. 466 U.S. at 688. This claim must therefore be dismissed.

## CONCLUSION

The Court finds that whether Petitioner's claims are considered individually or

13

P-049

cumulatively, see Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001), Petitioner has not established that either his retained or appointed attorney provided ineffective assistance of counsel. Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2255 is therefore DENIED.

For a certificate of appealability to issue, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. United States, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right in this case. Accordingly, this Court denies a certificate of appealability.

The Clerk of Court is directed to enter a final judgment of dismissal and to close the case.

SO ORDERED.

Dated: April 13, 2005
Brooklyn, NY

s/SJ
Senior U.S.D.J.

14